Jesus Sanchez ALVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 501–91.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 27, 1993.

Marcos A. Lizarraga, El Paso, for appellant.

Steve W. Simmons, Former Dist. Atty. & George Havlovic & Davis Hilton, Asst. Dist. Attys., El Paso, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant's trial ended when the trial judge declared a mistrial over appellant's objection. Appellant then filed an application for writ of habeas corpus claiming a

retrial would violate the Constitutional prohibition against double jeopardy. U.S. Const., Amend. V. The habeas judge denied relief and the Court of Appeals affirmed. *Alvarez v. State,* 804 S.W.2d 617 (Tex.App.—El Paso 1991). We will affirm.

## I.

Appellant's case was called for trial, a venire seated and voir dire began. During voir dire, appellant made several motions for mistrial, all of which were denied by the trial judge.[1] After the jury was impaneled and sworn, the motions for mistrial were again discussed. *See infra.* After this discussion, the trial judge granted the motions and declared a mistrial. Appellant filed an application for writ of habeas corpus to prevent a second trial. At the writ hearing, the habeas judge denied relief and a divided Court of Appeals affirmed on two separate holdings. *Alvarez v. State,* 804 S.W.2d 617. First, relying on *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), *and Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977), the Court of Appeals held jeopardy did not bar reconsideration of appellant's motions for mistrial. *Alvarez,* 804 S.W.2d at 620–621.[2] Second, relying on *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), the Court of Appeals held a manifest necessity for the mistrial existed. *Alvarez,* 804 S.W.2d at 621. For the following reasons, we agree with the Court of Appeals' second holding.

## II.

 The Fifth Amendment to the United States Constitution prohibits a State from twice putting a defendant in jeopardy for the same offense. *Arizona v. Washington,* 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978) (citing *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). Jeopardy attaches in a jury trial when the jury is impaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 35, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978), *Downum v. United States,* 372 U.S. 734, 735–736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963), *and State v. Torres,* 805 S.W.2d 418, 420 (Tex.Cr.App. 1991). As a general rule, the prohibition against double jeopardy will prevent a retrial if the defendant is placed in jeopardy and the jury is discharged without the defendant's consent. *Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199 (1957) (citing *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949)). However, the double jeopardy provision of the Fifth Amendment does not mean that every time a defendant is put to trial he is entitled to go free if the trial ends in a mistrial. *Wade,* 336 U.S. at 688, 69 S.Ct. at 837. For example, a re-trial is not jeopardy barred if the mistrial was based on "manifest necessity." *Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982); *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824); *Torres,* 805 S.W.2d at 422. In *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), the Supreme Court recognized that manifest necessity for a mistrial would exist "if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial." *Somerville,* 410 U.S. at 464, 93 S.Ct. at 1070. *See also, Sewell v. State,* 696 S.W.2d 559, 561 (Tex.Cr.App.1985) (no abuse of discretion in

---

**1.** The Court of Appeals summarized the motions for mistrial as follows:
(1) Improper, extensive voir dire of the jury panel by the trial judge, particularly in the areas of reasonable doubt, witness credibility and propriety of punishment;
(2) Exposure to the panel of the anticipated testimony of witnesses in the context of discussing the above issues;
(3) Exposure of the fact that the Appellant's wife, a codefendant, had reached an agreement with the State in exchange for her testimony, that she had entered a plea of guilty to injury to the child by omission and that based upon a State recommendation she had been placed on probation for ten years;
(4) Profane and prejudicial side-bar comments by the prosecutor concerning defense counsel's voir dire presentation, made within the presence and possible hearing of the jury panel;
(5) Pejorative, prejudicial comment by the prosecutor concerning defense counsel in the hallway, outside the courtroom, at a time when panel members were arriving for the morning session.
*Alvarez v. State,* 804 S.W.2d at 619.

**2.** Both of appellant's grounds for review upon which we granted review deal with the Court of Appeals first holding.

declaring mistrial *sua sponte* where error would result in automatic reversal); *Schaffer v. State,* 649 S.W.2d 637, 639 (Tex.Cr.App. 1983); *Durrough v. State,* 620 S.W.2d 134, 137 (Tex.Cr.App.1981).

### III.

The record reflects that the trial judge declared the mistrial for the following reason:

Applicant: I am not urging any mistrial motions. That's correct. And the ones that I made before, I am not urging them. Because I already urged them and I already got a ruling.

The Court: And what that is telling me is, Judge, we're going to urge them on appeal, which is obvious, and you have a right to. Should I let the trial go forward at this point? *I feel that there may be reversible error in this case. And if there is, then it is senseless and a lack of judicial time to just let this case go to trial.*[3] Let whatever happens, happen. *And then let the case be reversed and bring it back and try it again. I think the more proper procedure, if the court feels that there is error and if there is a substantial chance that the defendant not receive a fair trial based on what the totality of all the circumstances that occurred, the only thing that I can do that is fair to the defendant in this case is, is to grant those motions for mistrial that were previously urged,* which I, which I first overruled them. I have now reconsidered. I am now granting those motions. I am granting each and every one of them. And I am also granting them in their totality.

■ The Court of Appeals found the trial judge's comments to the venire, concerning the expected testimony of appellant's co-defendant, constituted reversible error. Specifically, the Court of Appeals stated:

... This comment by the [trial judge] violated not only the principles governing voir dire examination but also the Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979) prohibition of judicial comment on the evidence and exposure to the jury of the judge's opinion of the case. The tenor and detail of the comment rendered it not susceptible to any curative instruction. Based on this error alone, there existed a manifest necessity to abort the trial. . . .

*Alvarez,* 804 S.W.2d at 621.

As the Supreme Court noted in *Somerville,* where

... an error would make reversal on appeal a certainty, it would not serve 'the ends of public justice' to require that the Government proceed with its proof when, if it succeeded before the jury, it would be stripped of that success by an appellate court.

*Somerville,* 410 U.S. at 464, 93 S.Ct. at 1070.

While the better course of action would have been for the trial judge to grant appellant's motions for mistrial prior to jeopardy attaching, we agree with the Court of Appeals and hold that there existed manifest necessity for the mistrial.

The judgment of Court of Appeals is affirmed.

McCORMICK, P.J., concurs in the result.

---

**3.** All emphasis is supplied unless otherwise indicated.