Affirmed and Memorandum Opinion
filed August 31, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-08-01156-CR



David Sandoval
Castro, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 180th District Court

Harris County, Texas

Trial Court
Cause No. 1095684



 

MEMORANDUM OPINION 

Appellant David Sandoval Castro was convicted of
aggravated sexual assault of a child and sentenced to eighteen years’
imprisonment.  In two issues, appellant contends the trial court erred by (1) refusing
his request to strike the entire venire panel and declare a mistrial following
alleged prosecutorial misconduct and (2) admitting extraneous-offense evidence
at trial.  We affirm.  

                                                                                                                                 
I.           
Factual Background

            Although
appellant does not challenge the legal or factual sufficiency of the evidence,
we will provide a brief recitation of the facts to help place appellant’s
issues in perspective.  In April 2001, appellant’s nine-year-old niece, M.C.,
informed a teacher that appellant had been touching her “private part” when she
stayed at appellant’s home on weekends.  Following a police investigation,
appellant was indicted and tried for the aggravated sexual assault of M.C.  At
trial, M.C. testified that appellant took her into his bedroom on several
occasions and used his fingers to penetrate her vagina.  She also stated that,
on one occasion, appellant tried unsuccessfully to penetrate her vagina with
his penis.  Appellant testified that he never sexually assaulted M.C. and
developed a defensive theory that M.C. and her mother fabricated the
allegations of abuse because they were angry with him for encouraging his
younger brother to divorce M.C.’s mother.  Appellant also attempted to explain
that he lacked any opportunity to sexually assault M.C. because of the close
quarters of his home and the number of individuals who spent the night at his
home on weekends.  To rebut appellant’s defensive theories, the State called
appellant’s daughter, N.C., as a witness.  N.C. testified, over appellant’s
objection, that appellant sexually assaulted her on several occasions from the
time she was five or six years of age until her freshman year of high school.  Appellant
attempted to show that N.C.’s allegations were fabricated because he punished
her for allowing her boyfriend to sneak into her bedroom on several occasions. 
After hearing the evidence, the jury convicted appellant and assessed
punishment at eighteen years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  

            Appellant raises
two issues on appeal, arguing (1) the State committed prosecutorial misconduct
by allowing the venire panel to see information suggesting that he was involved
in multiple instances of the charged offense and (2) the trial court erred by
allowing N.C. to testify that she was repeatedly sexually assaulted by
appellant.  

                                                                                                               
II.           
Prosecutorial
Misconduct

            Near the
conclusion of the State’s voir dire examination, one of the venire members, Mr.
Hess, informed the prosecutor that he could read a document attached to a box
on the prosecution’s table.  The document disclosed appellant’s name, listed
three separate cause numbers, and stated “Offense: AGGRAVATED SEXUAL ASSAULT OF
A CHILD X 3.”[1] 
Mr. Hess then asked if the venire panel would be looking at “three different
situations” of the charged offense.  The prosecutor responded that appellant
was being “tried on one indictment and you have to make a decision based on
that one indictment,” and the trial court stated that the document was “[n]ot
part of the evidence in the case.”  Several more venire members then mentioned
that they saw the box and thought there may be more than one case against
appellant.  The trial court responded, “I just want to make sure that everybody
is clear.  You can’t convict somebody based on writing on a box.”  The venire
members answered that they agreed.  

            At this point,
defense counsel began questioning the venire panel.  He began by asking several
questions unrelated to the prosecution’s document.  A short time later, he
asked Mr. Hess: 

[Defense Counsel]: When you saw the box, what did you
think? 

[Mr. Hess]: I understand my English times three, I think
three different situations here.  

[Defense Counsel]: Do you think—you see [appellant] over
there.  Are you thinking guilty right now?  

[Mr. Hess]:  No.  

[Defense Counsel]: Are you thinking there is more than one
situation?  

[Mr. Hess]: Yeah.  Yeah.  I read the box.  So did everybody
else here.  I think you got a problem with the box whether you know it or not. 


. . . . 

[Defense Counsel]: Do you think [appellant] could get a
fair trial with you right now?  

[Mr. Hess]: Yeah.  

[Defense Counsel]: With the box?  

[Mr. Hess]: We shouldn’t have been allowed to see that.  

Following this exchange, Defense
counsel moved on to other topics until Mr. Hess again voiced that he “[s]till
[had] a problem with the box.”  At this point, venire members 8, 9, 10, 11, and
12 expressed concerns about the box.  Defense counsel noted these individuals
and continued his voir dire examination without further inquiry into their
concerns.  

            At the close of
voir dire, the trial court asked for agreements and challenges for cause from
the lawyers.  Defense counsel challenged venire members one through fifteen
based on the box.  The trial court granted the defense’s request as to all but
one of these individuals.[2]
 Defense counsel then requested that the trial court “ask anyone who has seen
anything, heard anything about the box if they have any opinions that
would—anyone else besides the ones who have been excused.”  The trial court
responded “I think everyone here has been asked about 54 times if there is
anything else from that man speaking up.”  Defense counsel then requested that
the trial court strike the entire venire panel, arguing that the panel had been
“poisoned” by the suggestion of extraneous offenses on the box.  The trial
court denied this request and selected the jury.  The following day, before the
start of the guilt/innocence phase of the trial, the trial court denied defense
counsel’s second request to strike the panel and pick a new jury.

Appellant contends in his first issue that the trial
court erred in denying his requests to strike the venire panel during voir dire
because the State committed prosecutorial misconduct by placing the box
referencing possible extraneous offenses in the panel’s view.  In response, the
State argues that appellant has failed to preserve this issue for appellate
review.

A.   
Preservation of Error

            To
preserve error for appellate review, a party must make a timely request,
objection, or motion and obtain a ruling by the trial court on the issue.  See
Tex. R. App. P. 33.1(a); Fuller
v. State, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); Clark v. State,
305 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  There are
two main purposes for requiring a timely and specific request: (1) to inform
the trial court of the basis of the request and provide an opportunity for the
court to make a ruling and (2) to allow opposing counsel the chance to remove
the objection.  Garza v. State, 126 S.W.3d 79, 82 (Tex. Crim. App.
2004); Lewis v. State, 191 S.W.3d 335, 338 (Tex. App.—Waco 2006, pet.
ref’d).  Failure to properly preserve error forfeits the assertion of that
error on appeal.  Fuller, 253 S.W.3d at 232.  Almost any error,
including constitutional error, may be forfeited by a failure to object.  Id. 


            To preserve error
for a claim of prosecutorial misconduct, a party must (1) make a timely and
specific objection, (2) request an instruction that the jury disregard the
matter improperly placed before it, and (3) move for a mistrial.  Penry v.
State, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); Morrison v. State,
132 S.W.3d 37, 48–49 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d). 
However, this sequence is not essential to preserve a complaint for appellate
review.  Jackson v. State, 287 S.W.3d 346, 353 (Tex. App.—Houston [14th
Dist.] 2009, no pet.) (citing Young v. State, 137 S.W.3d 65, 69 (Tex.
Crim. App. 2004)).  The essential requirement is a timely, specific request
that is refused by the trial court.  Id.  Appellant’s motion to strike
the venire panel is equivalent to a motion for a mistrial.  See Moss v.
State, 877 S.W.2d 895, 898 (Tex. App.—Waco 1994, no pet.); Alvarez v.
State, 804 S.W.2d 617, 619 (Tex. App.—El Paso 1991), aff’d, 864
S.W.2d 64 (Tex. Crim. App. 1993).  In certain circumstances, a request for a
mistrial may be the first instance of a timely, specific request for relief.  Id. 
A request for a mistrial is timely only if it is made as soon as the grounds
for it become apparent.  Griggs v. State, 213 S.W.3d 923, 927 (Tex.
Crim. App. 2007).  

            In this case, appellant contends that the
venire panel was tainted by references to possible extraneous offenses
contained on the box.  During oral argument, appellant’s counsel stated that
the venire panel had been tainted after Mr. Hess first mentioned the box.  However,
no objection or request for a limiting instruction or mistrial was made at that
time.  Nor did appellant request any form of relief after the box was discussed
at least three more times during voir dire.  Appellant’s first request for
relief was made after voir dire had concluded and the trial court had excused
thirty-three potential jurors from service.  By not seeking any form of relief
soon after the prosecution’s document was discussed, appellant’s request that
the trial court strike the venire panel was not timely made.  See id. at
925–27 (request for mistrial based on extraneous-offense testimony from two
witnesses was not timely because request was not made until both witnesses had
concluded their testimony); Young v. State, 137 S.W.3d 65, 70–71 (Tex.
Crim. App. 2004) (request for mistrial during voir dire was timely where
request was made immediately after venire member made objectionable statement). 
Appellant has thus not preserved his claim of prosecutorial misconduct for our
review.  See Penry, 903 S.W.2d at 764 (concluding that, “[b]y failing to
object at the earliest possible moment,” appellant failed to preserve
prosecutorial misconduct complaint for appellate review); Lozano v. State,
No. 13-08-00180-CR, 2010 WL 411753, at *1 (Tex. App.—Corpus Christi Feb. 4, 2010,
no pet.) (mem. op., not designated for publication) (holding that appellant
failed to preserve prosecutorial misconduct claim by failing to object to
prosecutor’s comments during voir dire). 

B.     Motion
to Strike Venire Panel

            Even if
appellant’s request to strike the venire panel was timely made, we cannot say
the trial court abused its discretion in denying the request.  As the
equivalent of a motion for mistrial, we review the trial court’s ruling on
appellant’s request to strike the panel for an abuse of discretion.  See
Webb v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); Austin v.
State, 222 S.W.3d 801, 815 (Tex. App.—Houston [14th Dist.] 2007, pet.
ref’d); see also Moss, 877 S.W.2d at 898; Alvarez, 804 S.W.2d at
619.  A mistrial is the trial court’s remedy for improper conduct that is so
prejudicial that expenditure of further time and expense would be wasteful and
futile.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  A
mistrial is required only in extreme circumstances where prejudice is
incurable.  See Austin, 222 S.W.3d at 815.  When determining whether the
trial court should have granted a mistrial, we consider (1) the severity of the
misconduct, (2) the curative measures taken, and (3) the certainty of
conviction absent the prejudicial event.  Hawkins, 135 S.W.3d at 77; Austin,
222 S.W.3d at 815.

Considering these factors, the record shows the trial
court did not abuse its discretion in denying appellant’s request to strike the
venire panel.  The conduct here was not extreme.  Although the venire panel
should certainly have never seen the information on the box, both the
prosecution and the defense counsel stated at trial that the placement of the
box was unintentional and not the result of deliberate misconduct.  This
contrasts sharply with cases of prosecutorial misconduct involving deliberate,
repeated conduct in the face of adverse rulings.  See, e.g., Stahl v.
State, 749 S.W.2d 826, 830–31 (Tex. Crim. App. 1998).  Further, once the information
on the box was noticed, the trial court quickly told the venire panel that it
was not evidence and that appellant could not be convicted “based on the
writing on a box.”  We presume the venire panel followed these instructions.  See
Kirsch v. State, 306 S.W.3d 738, 748 n.33 (Tex. Crim. App. 2010).  The
trial court personally questioned one juror regarding whether he had formed an
opinion based on the box, and the trial court dismissed all three jurors who specifically
expressed concern over the box.[3] 
Finally, the State introduced substantial evidence against appellant, including
evidence of multiple sexual assaults against the complainant and his own
daughter.  The State did not attempt to use the information on the box in any
way and in fact stressed to the venire panel that appellant was being tried on
a single indictment and that any determination of appellant’s guilt must be
based on evidence related to that charge.  Additionally, each of the venire
members who were questioned about the box, including Mr. Hess, stated that the
document did not lead them to believe appellant was guilty and that appellant
could still receive a fair trial.  These facts undermine appellant’s contention
that the jury was “poisoned” or “biased” due to the information on the box.  This
is not one of those “exceedingly uncommon” circumstances where an extreme remedy
was warranted, and the trial court did not abuse its discretion in denying
appellant’s request to strike the venire panel.  See Hudson v. State,
179 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

            We conclude that
(1) appellant has failed to preserve error for his prosecutorial-misconduct
claim by making an untimely request to strike the venire panel and (2) the
trial court did not abuse it discretion in denying appellant’s request.  For
these reasons, we overrule appellant’s first issue.

                                                                      
III.           
Evidence of Other
Crimes, Wrongs, or Acts

            In his second
issue, appellant contends that the trial court erred by allowing his daughter, N.C.,
to testify that he repeatedly sexually abused her.  According to appellant, N.C.’s
testimony constitutes inadmissible extraneous-offense evidence under Texas Rule
of Evidence 404(b).

A.    Standard
of Review

            Whether
extraneous-offense evidence has relevance apart from character conformity is a
question for the trial court.  De La Paz v. State, 279 S.W.3d 336, 343
(Tex. Crim. App. 2009).  We review a trial court’s ruling on the admissibility
of extraneous-offense evidence for an abuse of discretion.  Prible v. State,
175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  There is no abuse of discretion so
long as the trial court’s ruling is within the zone of reasonable disagreement
and was correct under any legal theory applicable to the case.  Winegarner
v. State, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).  The circumstances
justifying the admissibility of extraneous-offense evidence must be judged on a
case-by-case basis.  Pollard v. State, 255 S.W.3d 184, 188 (Tex.
App.—San Antonio 2008), aff’d, 277 S.W.3d 25 (Tex. Crim. App. 2009).  

B.     Rule
404(b) 

Under Rule 404(b), evidence of other crimes, wrongs,
or acts is not admissible to prove an individual’s character or to show action
in conformity with that character.  Tex.
R. Evid. 404(b).  This is because evidence of extraneous acts forces the
accused to defend himself against uncharged crimes in addition to the charged
offense and encourages the jury to convict based on the accused’s bad conduct
rather than the proof at trial.  Daggett v. State, 187 S.W.3d 444, 451
(Tex. Crim. App. 2005).  Extraneous-offense evidence may be admissible,
however, for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.  Tex. R. Evid. 404(b).  This list of exceptions
is illustrative, not exhaustive.  Fox v. State, 283 S.W.3d 85, 92 (Tex.
App.—Houston [14th Dist.] 2009, pet. ref’d).  

Rebuttal of a defensive theory is one of the “other
purposes” for which extraneous-offense evidence may be admitted under Rule
404(b).  Williams v. State, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009), cert.
denied, No. 09-9635, — S. Ct. — , 2010 WL 978827 (U.S. June 14, 2010); Isenhower
v. State, 261 S.W.3d 168, 180 (Tex. App.—Houston [14th Dist.] 2008, no
pet.); see also Bargas v. State, 252 S.W.3d 876, 890 (Tex. App.—Houston
[14th Dist.] 2008, no pet.) (extraneous-offense evidence may be admitted under
Rule 404(b) to rebut defensive theories raised in an opening statement or by cross-examination
of the State’s witnesses).  Appellant acknowledges the general rule that
extraneous-offense evidence may be admissible to rebut a defensive theory, but
argues that he did not raise any defensive theories at trial.  The record
establishes the contrary.  

During appellant’s opening statement, defense counsel
argued that M.C.’s allegations were fabricated and motivated by her mother’s
desire for revenge because of appellant’s desire for his brother to divorce her. 
Counsel also argued that appellant lacked any opportunity to sexually assault M.C.
because of the small size of his home and the sleeping arrangements when his
nieces and nephews stayed over.  Appellant further developed his defenses
through his cross-examination of the State’s witnesses and through direct
examination during his case-in-chief.  Appellant cross-examined the State’s
forensic interviewer about how a parent could “coach” a child to make false
accusations of sexual abuse.  While cross-examining M.C., appellant questioned how
many times she talked with her mother before speaking with the police and
whether she changed her story after speaking with her mother.  Appellant also
asked M.C. about where she, her cousins, and appellant’s wife slept when she
stayed at appellant’s home.  During his case-in-chief, appellant called several
witnesses to testify that they never saw or heard appellant take M.C. into his
bedroom.  Appellant also elicited testimony showing that appellant and M.C.’s
mother did not have a good relationship.  While cross-examining M.C.’s mother,
appellant asked whether she was aware of appellant’s desire for his brother to divorce
her and if she knew appellant had tape-recorded her conversations in a family
member’s home.  Further, defense counsel informed the trial court during the
charge conference that appellant’s defense was that M.C. created the
allegations of abuse “for revenge and retribution.”  Defense counsel requested
that the trial court instruct the jury it could consider N.C.’s testimony only
to rebut the defensive theory of “retribution or fabrication.”

A trial court does not abuse its discretion in
admitting extraneous-offense evidence to rebut a defensive theory of fabrication
or retaliation or that the defendant lacked opportunity to commit the charged
offense.  See Tex. R. Evid. 404(b)
(stating extraneous-offense evidence is admissible to establish opportunity); Bass
v. State, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008) (involving defensive
theory of fabrication based on premise that the appellant, as a “real deal” and
“genuine pastor,” would not molest a child); Wheeler v. State, 67 S.W.3d
879, 887–88 (Tex. Crim. App. 2002) (involving defensive theories of conspiracy
or frame-up motivated by greed and that the appellant “was never alone” with
the complainant); Powell v. State, 63 S.W.3d 435, 438–40 (Tex. Crim.
App. 2001) (involving defensive theory of lack of opportunity to molest the
complainant); Isenhower, 261 S.W.3d at 181 (involving defensive theory
of retaliation after the defendant and the complainant’s mother ended their
relationship).  It is clear from the record that defense counsel raised these
defensive theories during his opening statement, cross-examination of the State’s
witnesses, and case-in-chief.  Under these circumstances, the trial court did
not abuse its discretion in overruling appellant’s Rule 404(b) objection and determining
that N.C.’s testimony was relevant rebuttal evidence.  We overrule appellant’s
second issue.

Conclusion

            The trial court
did not abuse its discretion by refusing to grant appellant’s request to strike
the venire panel or by overruling his Rule 404(b) objection to the extraneous
offense evidence.  We affirm the trial court’s judgment.  

 

                                                                                    

                                                            /s/                    Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant was originally charged with three counts of aggravated sexual assault
of a child.  Prior to trial, the State sought to consolidate these charges. 
The trial court granted appellant’s objection to consolidation, and the State
proceeded to trial on a single charge.  





[2]
Venire member two served as a juror at trial.  





[3]
Defense counsel initially requested that the first fifteen jurors be excused
based on “[t]he box.”  We note that only one of these jurors served on the
jury.