

NUMBER 13-12-00425-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAN RAMON VILLANUEVA,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

On appeal from the 138th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant San Ramon Villanueva argues that the trial court erred when it denied his application for writ of habeas corpus because jeopardy had attached in his trial for the sexual assault of a minor.   We affirm.

## I. BACKGROUND

Villanueva was indicted for allegedly sexually assaulting his oldest daughter, A.V.[1]   The State and Villanueva's defense attorney selected a panel of twelve jurors on January 13, 2012.   The jurors were impaneled, and the felony trial began on January 14, 2012.   The State called its first witness, N.V.,[2] to the stand.   During the direct examination of N.V., one of the jurors, Ramiro Gomez, sent a note to the trial court informing the judge that he and N.V. were neighbors.

The trial judge stopped the trial and conducted a brief voir dire of Gomez outside the presence of the other jurors.   The court learned that N.V.'s brother had once shot Gomez's stepson with a B.B. gun years ago.   Police were called to investigate the matter.   According to Gomez, this past occurrence caused "bad feelings" between the neighboring families, such that it would affect his ability to remain impartial in the case. Gomez testified under oath that, "I think it won't be right.   It won't be right making any, you know, decision.   It would affect me."

The trial court dismissed Gomez from the jury and asked the State and defense if they wanted to try the case with only eleven jurors.   *See* TEX. GOV'T CODE ANN. § 62.201 (West 2005) (providing that a case can continue with less than twelve jurors if both sides consent).   While the defense wished to continue, the State did not want to try the case with less than twelve jurors.   The trial court declared a mistrial.   Villanueva then filed an application for a writ of habeas corpus, arguing that he should not be tried again because jeopardy had attached.   The trial court denied the writ, and this appeal ensued.

---

[1]   We use initials to protect the identity of the minor.

[2]   We also refer to the mother by her initials to protect the minor's identity.

2

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"The Fifth Amendment prohibits the State from putting a defendant in jeopardy twice for the same offense." *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002) (citing *Arizona v. Washington*, 434 U.S. 497, 503 (1978); *Alvarez v. State*, 864 S.W.2d 64, 65 (Tex. Crim. App. 1993)). "Jeopardy attaches in a jury trial when the jury is empaneled and sworn." *Id.* "But the double jeopardy clause does not mean that every time a defendant is put to trial he is entitled to go free if the trial ends in a mistrial." *Id.* "If the mistrial was with the defendant's consent or based on 'manifest necessity,' a re-trial is not jeopardy barred." *Id.*

"Manifest necessity exists where the circumstances render it impossible to arrive at a fair verdict, where it is impossible to continue with trial, or where the verdict would be automatically reversed on appeal because of trial error." *Ex Parte Brown*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995). The United States Supreme Court has held that manifest necessity exists where bias of a juror is discovered after jeopardy attaches. *Simmons v. United States,* 142 U.S. 148, 154 (1891); *Thompson v. United States,* 155 U.S. 271 (1894).

A trial judge's ability to declare a mistrial based on manifest necessity is limited to "very extraordinary and striking circumstances." *Hill*, 90 S.W.3d at 313 (citing *United States v. Jorn*, 400 U.S. 470, 480 (1971)). The trial court judge is required to consider less drastic alternatives, such as continuing the proceeding with fewer jurors, before granting a mistrial. *Id.* "When a trial judge grants a mistrial despite the availability of a less drastic alternative, there is no manifest necessity." *Id.*

3

With regard to the number of jurors required to decide a felony case, article 36.29 of the Texas Code of Criminal Procedure provides that:

> Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b), however, after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict . . . .

TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2011). In addition, "parties may agree to try a particular case with fewer than 12 jurors." TEX. GOV'T CODE ANN. § 62.201 (West 2005).

### III. ANALYSIS

As a threshold matter, we note that this scenario does not trigger section 36.29(a) of the Texas Code of Criminal Procedure, which would allow the trial court to continue with only eleven jurors. TEX. CODE CRIM. PROC. ANN. art. 36.29(a). Gomez, the juror at issue, did not die or become disabled. *Id.* Texas case law interprets "disability" in this circumstance as having a physical, mental, or emotional condition "that inhibits the juror from fully and thoroughly performing the functions of a juror." *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex. Crim. App. 1980). That was not the case here. Gomez was not disabled; he had a bias that was discovered latently. Therefore, the only way for Villanueva's case to proceed with less than twelve jurors was if both the State and Villanueva consented to do so, and the State did not. TEX. GOV'T CODE ANN. § 62.201.

The State concedes that jeopardy attached in this case. The jury had been impaneled and was listening to testimony from the State's first witness, N.V., when the issue of juror bias arose. *See Hill*, 90 S.W.3d at 313. Thus, our analysis must turn on whether the State proved that manifest necessity existed.

4

The U.S. Supreme Court, in *Simmons v. United States* and *Thompson v. United States*, held that manifest necessity can occur when juror bias is revealed after the jury has been impaneled. *See Simmons*, 142 U.S. at 154 (finding manifest necessity when the court discovered that a juror lied about knowing the defendant); *Thompson*, 155 U.S. at 271 (finding the same when the court learned that one of the jurors had been member of the grand jury that returned the indictment in the case). Similarly, Gomez's bias was revealed here after N.V. began testifying and Gomez recognized her from the incident when his stepson was shot by N.V.'s brother with a BB gun. Gomez informed the court that police were called to respond to the incident and that tension still existed between the neighboring families.

At the habeas hearing, Villanueva argued that manifest necessity should not be found in this case because the State did not ask the appropriate questions during voir dire. In other words, Villanueva contended that because the State failed to properly inquire whether the venire knew any of its witnesses, it should have borne the brunt of this omission and proceeded with only eleven jurors. However, Villanueva cites no authority, and we find none, to support this contention. *See* TEX. GOV'T CODE ANN. § 62.201 (providing that parties must voluntarily consent to proceed with less than a full jury). In the absence of such authority, we decline to make such a holding.

As noted, manifest necessity occurs when "it is impossible to continue with trial." *Brown*, 907 S.W.2d at 839. Here, although the trial court judge considered the less drastic alternative of continuing with only eleven jurors, *see Hill*, 90 S.W.3d at 313, it ultimately could not continue the trial because the State refused to prosecute with less than a full jury. *See* TEX. GOV'T CODE ANN. § 62.201. We conclude that the trial court

did not abuse its discretion when it declared a mistrial due to manifest necessity. We consider a juror's realization that a member of the defendant's family once shot the juror's stepson, plus the fact that the juror admitted that he would be "affected" by such an experience, "a very extraordinary and striking circumstance" indeed. *See Hill*, 90 S.W.3d at 313. We overrule Villanueva's sole issue.

## IV. CONCLUSION

Having overruled Villanueva's only issue, we affirm the trial court's denial of the writ.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
15th day of August, 2013.

6