

NUMBER 13-12-00420-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JESUS CARDENAS HERNANDEZ,**                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                 **Appellee.**

### On appeal from the 103rd District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

A Cameron County trial court found appellant Jesus Cardenas Hernandez guilty of eleven separate counts of continuous child abuse of a young child, aggravated sexual assault of a child, and indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.02, 22.021, 21.11 (West Supp. 2011). By three issues, Cardenas argues that: (1) his

conviction should be set aside because it violated the double jeopardy rule; (2) the trial court erred in ordering his sentences to run consecutively; and (3) he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND[1]

Cardenas used to date the mother of M.P. and K.P.,[2] the minors in this case. At trial, M.P. alleged that she was about twelve years old when Cardenas began sexually abusing her. M.P. testified that Cardenas, at different times, touched her breasts, forced intercourse, attempted anal sex, requested oral sex, performed oral sex on her, and fondled her vagina. He also demanded that she masturbate in front of him. M.P. now suffers from stress-induced seizures and panic attacks. K.P., M.P.'s younger sister, testified that she was approximately nine years old when Cardenas began to abuse her. K.P. is autistic. She testified that Cardenas "put his thing" inside of her "butt," forced her to "suck his middle part," and kissed her breasts. The girls also testified that, on one occasion, they all laid in bed together and the two sisters took turns giving Cardenas oral sex.

Cardenas pleaded not guilty to all the charges against him. After a bench trial, the trial court found Cardenas guilty on Counts 1 and 8 (continuous child abuse of a young child); Counts 2, 3, and 9 (aggravated sexual assault of a child); and Counts 4, 5, 6, 7, 10, and 11 (indecency with a child). See TEX. PENAL CODE ANN. §§ 21.02, 22.021, 21.11. He was sentenced to five life terms on the counts of continuous sexual abuse of a minor (Counts 1 and 8) and aggravated sexual assault (Counts 2, 3, and 9), all of

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will notrecite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See TEX. R. APP. P. 47.4.

[2] We use the minor's initials to protect their identities.

2

which were ordered to run consecutively. Cardenas was sentenced to twenty years on each count of indecency with a child (Counts 4, 5, 6, 7, 10, and 11), which would run concurrently, but consecutive to his life sentences.

Cardenas appealed.

## II. DOUBLE JEOPARDY

By his first issue, Cardenas contends that his double jeopardy rights were violated when the first judge recused herself and declared a mistrial.

### A. Standard of Review and Applicable Law

"The Fifth Amendment prohibits the State from putting a defendant in jeopardy twice for the same offense." *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002) (citing *Arizona v. Washington*, 434 U.S. 497, 503 (1978); *Alvarez v. State*, 864 S.W.2d 64, 65 (Tex. Crim. App. 1993)). "Jeopardy attaches in a jury trial when the jury is empaneled and sworn." *Id.* In a Texas bench trial, jeopardy attaches when the defendant pleads to the charging instrument and the trial court accepts the plea. *See Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996). "But the double jeopardy clause does not mean that every time a defendant is put to trial he is entitled to go free if the trial ends in a mistrial." *Hill*, 90 S.W.3d at 313. "If the mistrial was with the defendant's consent or based on 'manifest necessity,' a re-trial is not jeopardy barred." *Id.*; *see Hubbard v. State*, 798 S.W.3d 798, 800 (Tex. Crim. App. 1990) (holding that an exception to double jeopardy "exists if the defendant consents to a retrial").

### B. Discussion

This bench trial began in the 103rd Judicial District Court of Cameron County, with the Honorable Judge Janet Leal presiding. After the State read the indictment,

3

Cardenas pleaded "not guilty" to all the charges against him. The State invoked the Rule. *See* TEX. R. CIV. P. 267. Judge Leal brought all of the State's witnesses into the courtroom to swear them in and explain that they would only be allowed into the courtroom when it was their turn to testify so that they would not be influenced by each other's testimony. *See id.* After the witnesses were sworn in, Judge Leal realized that a longtime friend of hers, Belia Elizondo Vela, was the State's main outcry witness. Judge Leal made the parties aware of her relationship to this important witness, and Cardenas's attorney requested the opportunity to discuss this new development with his client. The following discussion then occurred:

| | |
|---|---|
| [Cardenas's Counsel]: | Your Honor, given the fact that the Court has made us aware that the outcry witness is a very important witness, is—we would ask that the Court recuse—that she not be allowed to testify. |
| The Court: | Okay. I can recuse me. |
| [Cardenas's Counsel]: | Well, then— |
| The Court: | I won't recuse the witness. |
| [Cardenas's Counsel]: | No, but that the witness not be allowed to testify in front of you. |
| The Court: | No. |
| [Cardenas's Counsel]: | So basically, it comes to a recusal. |
| The Court: | Yeah. I agree. I agree. This is one of those things that it's not a matter that I don't think I can be fair and impartial; however, I understand that you would have a problem with it . . . . |
| . . . . | |
| [Cardenas's Counsel]: | Okay. So that the record is clear, are you recusing yourself on my request or— |

4

The Court:                    Yes.

[Cardenas's Counsel]:        Okay.

The record is clear that Judge Leal recused herself at Cardenas's request and with his consent. *Hill*, 90 S.W.3d at 313. Accordingly, the "consent" exception to the double jeopardy rule applies. *Id.*; *see also Hubbard*, 798 S.W.3d at 800. We overrule Cardenas's first issue.

### III. CONSECUTIVE SENTENCES

By his second issue, Cardenas asserts that the trial court abused its discretion when it ordered his life sentences to run consecutively, and his twenty-year sentences to run consecutively to the life sentences.

### A. Standard of Review and Applicable Law

We review a trial court's decision to "stack," or cumulate, sentences for an abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West 2010); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). As long as the law allows the imposition of cumulative sentences, the trial judge has absolute discretion to stack sentences. *Nicholas*, 56 S.W.3d at 765. Under article 42.08 of the code of criminal procedure, the trial judge has the discretion to cumulate the sentences for two or more convictions. TEX. CODE CRIM. PROC. ANN. art. 42.08(a).

Article 42.08 provides that when a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence in the second conviction to either (1) begin to run after the judgment and sentence imposed in the preceding conviction ceased to operate, or (2) run concurrently with the judgment and sentence imposed in the preceding conviction. *Id.* A trial court's ability to cumulate

5

sentences, however, is limited by the Texas Penal Code. Section 3.03(b) of the Texas Code of Criminal Procedure provides as follows:

> (b)    If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:
>
> . . . .
>
> (2)    an offense:
>
> (A)    Under Section 33.021 or an offense under Section 21.02, 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section. . . .

TEX. CODE CRIM. PROC. ANN. § 3.03(b)(2)(A) (West Supp. 2011).

## B.    Discussion

Here, Cardenas was convicted of three of the offenses enumerated in section 3.03(b): section 21.02 (continuous sexual abuse of a young child or children), section 21.11 (indecency with a child), and section 22.021 (aggravated sexual assault). *See* TEX. PENAL CODE ANN. §§ 21.02, 22.021, 21.11. The Texas Legislature gave the trial court the discretion to have sentences for these crimes run concurrently or consecutively. *See Tha Dang Nguyen v. State*, 359 S.W.3d 636, 643 (Tex. Crim. App. 2012) (explaining that the legislative history of this statute revealed that "at the behest of prosecutors, Sections 3.03(b)(2)(A) & (B) were added to give trial judges the authority to cumulate sentences for multiple sex offenses against children that were part of a single criminal episode"). The trial court elected to have the sentences run consecutively, which was allowed by law and clearly not an abuse of discretion. *See Nicholas*, 56 S.W.3d at 765. We overrule Cardenas's second issue.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

### A.    Standard of Review and Applicable Law

The United States Supreme Court set forth a two-part test in *Strickland v. Washington* to determine whether a criminal defendant had ineffective assistance of counsel.   *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).   The *Strickland* test first requires the appellant to demonstrate that counsel's performance was so deficient that it fell below an objective standard of reasonableness.   *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *see Strickland,* 466 U.S. at 687.   Assuming the appellant has demonstrated deficient assistance, he or she must then show that there is a reasonable probability that the final result would have been different but for counsel's errors.   *Thompson,* 9 S.W.3d at 812–13.

The appellant must prove ineffective assistance of counsel by a preponderance of the evidence.   *Id.*   The appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel's actions could be considered a sound trial strategy.   *Jaynes v. State,* 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.).   A reviewing court should not second-guess legitimate tactical decisions made by trial counsel.   *State v. Morales,* 253 S.W.3d 686, 696 (Tex. Crim. App. 2008).   "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson,* 9 S.W.3d at 813 (citing *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)).   In determining whether an attorney's performance was deficient, we apply

a strong presumption that the attorney's conduct was within the wide range of reasonable professional assistance.  *Id.* at 813.  We review the effectiveness of counsel in light of the totality of the representation and the circumstances of each case.  *Id.*  The court of criminal appeals has made clear that, in most cases, a silent record providing no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance.  *See Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

**B.    Discussion**

Cardenas argues that his attorney's performance was deficient in five ways because his attorney failed to:  (1) request a psychological exam and intelligence quotient (IQ) test to verify his competency to stand trial; (2) explain the consequences of trial or that his punishment sentences could be stacked; (3) object to M.P. and K.P.'s hearsay statements; (4) object to evidence of extraneous offenses and drug use; and (5) object to or limine the fact that Cardenas had been previously incarcerated.  We address each complaint in turn.

**1.    Failing to Request Psychological Exam**

Cardenas first complains that his attorney provided ineffective assistance because he failed to request a psychological exam or IQ test to determine if Cardenas was competent to stand trial.   Based on the record before us, however, it is apparent that Cardenas fully understood the legal proceedings in this case.   The record is replete with instances where Cardenas, under oath, testified that he willingly waived his right to a trial by jury, understood the significance of having a judge decide his possible guilt and punishment, and that his attorney explained how he had rejected multiple plea offers by

8

the State prior to trial. Under these circumstances, there is no suggestion that Cardenas had "diminished capacity" such that he did not understand what was occurring or that his attorney should have had any concern about his competency. Cardenas did not show how his attorney's failure to request psychological or IQ examinations was deficient or how it prejudiced his outcome. *See Thompson,* 9 S.W.3d at 812–13.

**2.     Failing to Explain Trial and the Possibility of Stacked Sentences**

Cardenas also argues that his attorney failed to "explain the consequences of trial and possible consecutive sentences" or "explain the evidence associated with the trial." The following exchange in court, though, belies this argument:

| | |
|---|---|
| The Court: | Very well, sir. One other thing that I need to go over. You understand that in a case of this sort, that if found guilty of two or more counts in the indictment, the judge has the authority to order that the sentences run consecutively with each other, that is, one right after the other? Do you understand that, sir? |
| Cardenas: | Yes. |
| The Court: | So if you're found guilty of each of the offenses stated in the indictment, and if I decide that the appropriate punishment in each case is the maximum term provided for each offenses, that is, that it could be five sentences of life or ninety-nine year and six sentences of twenty years, and if I feel that it's appropriate, based on all of the evidence presented, to order that the sentences run consecutively, you probably will be in prison for the rest of your life, and you probably will die in prison. Do you understand that, sir? |
| Cardenas: | Yes, I do understand. |
| The Court: | And do you still want to continue without a jury on your trial? |

9

| | |
|---|---|
| [Cardenas's Counsel]: | And, Your Honor, for the record, he asked me which is more convenient, and it's always been my advi[c]e that this case should be tried to a jury. |
| Cardenas: | In relation to the jury, does each and every one of them have to say the same thing so I would be guilty? |
| The Court: | Yes. |
| Cardenas: | No, no, no, no. Let's go forward, Your Honor. Let's go forward. It's okay. |
| The Court: | What do you mean by "let's go forward?" Do you want to proceed without a jury or with a jury? |
| Cardenas: | Without a jury. It's okay. |

Based on the foregoing exchange, it is evident that Cardenas was made aware of the possibility of stacked sentences as well as the implications of a bench trial. Accordingly, we hold that Cardenas did not show how his attorney's performance in this regard was deficient or prejudiced his case. *See id.*

### 3. Failing to Object to Hearsay

Cardenas contends that his attorney was deficient for failing to object to certain out-of-court statements by M.P. and K.P. However, article 38.072 creates a statutory exception to the hearsay rule and allows outcry witnesses to testify about child victim's initial outcries, provided the defendant received notice. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2011). The record shows that Cardenas received notice that the minor victim's statements would be used at trial. We thus hold that Cardenas did not meet his burden of showing how this performance was deficient, much less how it prejudiced the outcome of his case. *See Thompson,* 9 S.W.3d at 812–13.

10

**4. Failing to Object to Extraneous Offenses and Drug Use**

Cardenas further argues that his counsel provided deficient representation for failing to object to extraneous offenses and bad acts. Cardenas asserts that the "extraneous offense" was mentioned during M.P.'s testimony, when she discussed that Cardenas went to a car one night, received something from a man in a car, and then asked the man to leave. Without further elaboration, we cannot conclude that this event constituted an "extraneous offense." Cardenas also contends that his attorney should have objected to testimony regarding his use and sale of marihuana. The record, however, is silent as to Cardenas's attorney's strategy on why he did not object to this evidence. As noted earlier, a silent record will not overcome the strong presumption of reasonable assistance. *See Rylander,* 101 S.W.3d at 110–11. On these facts, we cannot conclude that Cardenas established that his attorney's failure to object to these acts was deficient or that it ultimately prejudiced his case. *See Thompson,* 9 S.W.3d at 812–13.

**5. Failing to Limine his Prior Incarceration**

Finally, Cardenas argues that his counsel should have filed a motion in limine and should have objected to testimony revealing that Cardenas had been previously incarcerated. Because the record is silent on why Cardenas's attorney did not object to the admission of this evidence, we cannot hold that this performance was deficient or prejudiced Cardenas's case, either. *See id.*

We overrule Cardenas's third and final issue.

## V. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
5th day of September, 2013.